**NOT FOR PUBLICATION**

FILED

JUL 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENITO ESTEBAN MEZA-DIVENI, AKA Benito Estedan Meza, Jr., Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | Nos. 15-73285 15-73870 Agency No. A073-839-360 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 14, 2019
San Francisco, California

Before: WALLACE, CLIFTON, and FRIEDLAND, Circuit Judges.

Benito Esteban Meza-Diveni petitions for review of decisions of the Board

of Immigration Appeals ("BIA") denying his motion to reopen and subsequent

motion to reconsider to apply for cancellation of removal. We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

If the BIA declines to grant *sua sponte* reopening "without relying on a constitutionally or legally erroneous premise," its decision is not reviewable. *Bonilla v. Lynch*, 840 F.3d 575, 592 (9th Cir. 2016). Meza-Diveni argues that this court has jurisdiction because he raises six legal claims, but we are not convinced by any of these claims.

First, Meza-Diveni argues that the BIA erred in applying a due diligence requirement to his motion to reopen *sua sponte*. In concluding Meza-Diveni did not establish an "exceptional situation" sufficient to warrant *sua sponte* reopening, the BIA considered it significant that he did not diligently pursue relief in immigration court. The "exceptional situation" benchmark does not provide a sufficiently meaningful standard to permit judicial review. *Bonilla*, 840 F.3d at 586.

Second, he argues that the BIA erred in requiring that his motion to reopen be filed within ninety days of the change in conviction prompting the request. However, the BIA only mentioned the ninety day period in concluding Meza-Diveni's motion was untimely, not in explaining its refusal to reopen *sua sponte*. *See* 8 U.S.C. § 1229a(c)(7)(C)(i).

Third, he argues that the BIA mischaracterized the record in finding no due diligence. However, the BIA only considered diligence as part of its "exceptional

situation" finding, and this court lacks jurisdiction to review that determination. *Bonilla*, 840 F.3d at 586.

Fourth, he argues that the BIA departed from its past practice of granting *sua sponte* reopening based on a vacated criminal conviction. Even assuming BIA deviation from a pattern or practice could create jurisdiction, Meza-Diveni has not demonstrated a "clearly defined" pattern of BIA dispositions tailored to his circumstances. *Menendez-Gonzalez v. Barr*, No. 15-73869, 2019 WL 3022376 (9th Cir. July 11, 2019).

Fifth, he argues that the BIA is required to grant reopening where the basis for removability is nullified. Meza-Diveni has not established that the BIA's refusal to do so is legal or constitutional error. *Id.*

Sixth, he argues that the BIA erred in finding he was not prima facie eligible for cancellation of removal. The BIA did not rely on his ineligibility for cancellation of removal in denying his motion to reopen. Meza-Diveni therefore has not established any legal or constitutional error creating jurisdiction.

**PETITION DENIED**.